14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Colin TOOGOOD, Plaintiff-Appellant,
v.
PANGLOSS LIMITED; Linda M. Greenblatt, Defendants-Appellees,
and
M/V The Barlovento, Defendant.
 No. 93-1061.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 30, 1993.
Decided Dec. 20, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Jesse Marden Suit, III, Rutter & Montagnag, for appellant.
 Mary Lynn Reed, Jackson & Campbell, P.C., for appellees.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 
 PER CURIAM
 OPINION
 
 1
 The instant case is a civil action for damages filed by Colin Toogood, a subject of Great Britain, against Pangloss Limited, a Virginia corporation, and Linda M. Greenblatt, a Virginia resident, alleging a claim under 46 U.S.C. Sec. 688, et seq. (the Jones Act), and a claim for maintenance and cure under the general maritime laws of the United States.
 
 
 2
 Toogood's claims against Pangloss Virginia and Greenblatt arise out of an accident on May 17, 1989, while he was employed as a cook aboard a sailing vessel, The Barlovento. The accident occurred while Toogood was assisting in docking The Barlovento by taking mooring lines ashore in an inflatable dinghy. Toogood was thrown from the dinghy and suffered significant injury when his head and upper body were struck by the dinghy's propeller.
 
 
 3
 Having denied earlier summary judgment motions as to the ownership of The Barlovento, the district court eventually declined jurisdiction under the Jones Act, or, in the alternative, dismissed the case on the ground of forum non conveniens. Toogood charged in his appeal that the district court's decision constituted reversible error.
 
 FACTS
 
 4
 Colin Toogood is a resident of Great Britain, and currently lives there. Greenblatt is a resident of Marshall, Virginia. Pangloss Virginia is a Virginia Corporation that was established and is wholly owned by Greenblatt. Pangloss, Ltd. (hereinafter "Pangloss Cayman") is not a party to the litigation, but is a Cayman corporation established and wholly owned by Greenblatt. Both corporations were managed out of a basement office in Greenblatt's house. The Barlovento is a 73 foot sailboat, which flies the Cayman flag. It primarily was used as a pleasure boat by Greenblatt. The vessel's ownership, during the time of the accident, remains in stark dispute. Toogood has claimed that Greenblatt owned the vessel, while Greenblatt and Pangloss Virginia have claimed that it was owned by Pangloss Cayman.
 
 
 5
 In May of 1989, Toogood was employed as a member of the crew of The Barlovento. His claims have arisen out of an accident that occurred on May 17, 1989, in Martinique, while he was engaged as a crewman. As the vessel was docking, Toogood attempted to take ashore several mooring lines in The Barlovento's inflatable dinghy. Toogood has alleged that a defect in the dinghy or its engine, caused him to be thrown from the dinghy, at which point he was struck and cut by its propeller.
 
 
 6
 Toogood filed suit on May 13, 1992 in the United States District Court for the Eastern District of Virginia, Richmond Division. Pangloss Virginia and Greenblatt filed a Motion to Dismiss Toogood's complaint on the basis of improper venue. Toogood filed an opposition to the Motion to Dismiss and the parties agreed by stipulation to a transfer to the Alexandria Division of the Eastern District of Virginia.
 
 
 7
 On October 27, 1992, Greenblatt filed a Motion for Summary judgment on the issues of Toogood's employment status and vessel ownership. Toogood opposed. By order of the Trial Court dated November 20, 1992, the Motion for Summary Judgment was denied. On December 4, 1992 Greenblatt filed a Motion to Decline Jurisdiction or, in the Alternative, to Dismiss for Forum Non Conveniens.[1] Toogood again opposed. By Order of the district court dated December 18, 1992 the Motion to Decline Jurisdiction, or, in the Alternative, to Dismiss for Forum non Conveniens was granted. On December 23, 1992 Toogood filed a Motion for Reconsideration. By Order of the district court dated January 8, 1993, the Motion for Reconsideration was denied.
 
 DISCUSSION
 
 8
 At the outset, we note that the jurisdictional question raised by the appeal ordinarily might require the Court of Appeals to remand the case for further development of the record. The ownership of The Barlovento, for example, was left unresolved in the district court. As the Fourth Circuit has held, the defendant shipowner's residence is one of the two most important factors announced in Lauritzen v. Larsen, 345 U.S. 571 (1952), for determining Jones Act jurisdiction. Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 351 (4th Cir.1985) (en banc), cert. denied, 474 U.S. 945 (1985).
 
 
 9
 Nevertheless, since the dismissal for forum non conveniens clearly was justified on the record before us, we assume, without deciding, that a more complete record might well yield Jones Act jurisdiction. Even if that were true, however, the result would still be a dismissal for forum non conveniens. That, at least, removes for Toogood problems of service and limitations.
 
 
 10
 On appeal, Toogood has asserted that because the district court failed to invoke explicitly the factors enunciated by the United States Supreme Court in Piper Aircraft v. Reyno, 454 U.S. 235 (1981), the Court abused its discretion in declining jurisdiction.[2] Assuming arguendo that there might have been Jones Act jurisdiction, we do not find that the decision to dismiss for forum non conveniens was an abuse of discretion.
 
 
 11
 In Piper Aircraft, the Supreme Court reiterated the now-familiar test for determining whether a case should be dismissed on the ground of forum non conveniens. Id. at 241 & n.6. The Court explained that the forum non conveniens determination depended on an exploration and a balancing of relevant public and private factors. Id. at 257.
 
 
 12
 The private factors include relative ease of access to sources of proof; availability of compulsory process for attendance of the unwilling, the cost of obtaining attendance of willing, witnesses; the possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.
 
 
 13
 The public factors include the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.
 
 
 14
 As Toogood has pointed out, there is no suggestion in the record that the district judge explicitly invoked the Piper Aircraft factors; however, we are satisfied that he did not abuse his discretion in dismissing the action on the ground of forum non conveniens.[3] As exhibited by the district court's lengthy discussion of Jones Act jurisdiction, the facts of the instant case do not suggest that trial would be any more convenient in the United States than in any other forum, or as convenient there. In addition, Toogood has not demonstrated any particular public interest that the United States courts should have in resolving the particular tort dispute. Indeed, it is apparent that either Great Britain, in order to protect its citizens from personal injury, or the Cayman Islands, in order to resolve localized disputes, would both have superior public interests to that of the United States.
 
 
 15
 Here, Greenblatt and Pangloss Virginia have agreed to submit to process in Great Britain, and we are satisfied that the law there provides an "adequate alternative forum." See Piper Aircraft, 454 U.S. at 254 n.22. Additionally, Toogood has failed to demonstrate what interest the United States has in the adjudication of his tort action. Quite simply, any other forum would be just as convenient as the United States. While the records of ownership of The Barlovento and Greenblatt and Pangloss Virginia are located in Virginia, the accident itself occurred in the Cayman Islands. The Cayman Islands are a British dependency. Toogood is himself a resident of Great Britain and his treating physicians reside there as well. The captain of The Barlovento, when last known, also resided in Europe.
 
 
 16
 While the plaintiff's choice of forum is worthy of respect, Piper Aircraft teaches that, in the forum non conveniens context, "a foreign plaintiff's choice [of a United States' court] deserves less deference." Id. at 255-56. The Supreme Court's rationale for adopting such analysis applies forcefully to the facts of the instant case, for, as in Piper Aircraft, Toogood's choice of forum is other than his home court, and therefore is likely to be less convenient to him. See id.
 
 
 17
 Our holding does not suggest that a foreign plaintiff's choice of the United States as a forum for a Jones Act case should be disrespected; rather, we hold that, when the record suggests, as the one before us does, that the only facts favoring the retention of jurisdiction are that the defendants reside in the United States and that corporate records unrelated to the accident are maintained here, the plaintiff's choice of the United States as the forum for adjudication cannot overcome the finding by a district court that the case should be tried elsewhere.[4]
 
 
 18
 Consequently, we hold that the district court did not abuse its discretion in dismissing appellant's suit on the ground of forum non conveniens.[5]
 
 CONCLUSION
 
 19
 The judgment of the district court is, accordingly,
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 In its order granting the appellees' motion, the district court noted that Greenblatt and Pangloss Virginia agreed to accept service of process in Great Britain, as well as to waive any statute of limitations defense. Such an agreement is a critically important factor in making a forum non conveniens analysis, since it assures that Toogood can have his day in court, even if not in the United States
 
 
 [2]
 Toogood has argued as well that the doctrine of forum non conveniens is inapplicable where the defendant is an American citizen. The proposition, for which Toogood cites no precedent, is manifestly incorrect. Indeed, the defendant in Piper Aircraft was itself an American corporation
 
 
 [3]
 We decline to hold that a district court's implicit weighing of the Piper Aircraft factors is per se an abuse of discretion. The judge's extensive Jones Act analysis and the record before us provide a sufficient basis on which to find that the District Court did not abuse its discretion with respect to the forum non conveniens determination. Cf. Morewitz v. Andros Compania Maritima, S.A., 614 F.2d 379, 383 (4th Cir.1980) ("Although the court below cast its decision to decline jurisdiction ... in terms of forum non conveniens it is clear that the [Jones Act analysis] was given full effect.") It is, of course, preferred that a district court engage in explicit weighing of the factors outlined in Piper Aircraft. In a case where the record does not as clearly support a forum non conveniens dismissal as it does in the instant case, a reviewing court would benefit mightily from the district court's discussion of public and private factors
 
 
 [4]
 Notably, The Barlovento, after its purchase by Greenblatt, never sailed in United States waters. During the time Toogood was engaged as a crewman, The Barlovento never left the Caribbean
 
 
 [5]
 As discussed earlier, having accepted the district court's decision to dismiss for forum non conveniens, we find no need to reach the somewhat tangled Jones Act jurisdiction inquiry, which might, if finally resolved against Toogood, lead to an even worse result from Toogood's point of view